IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ROBBINS,<br><br>    Plaintiff,<br><br>  v.<br><br>PLUSHCARE, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-03444-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; DIRECTIONS TO PARTIES** |

    Before the Court is defendants PlushCare, Inc. and PlushCare of California, Inc., A.P.C.'s (collectively, "PlushCare") Motion to Dismiss, filed August 23, 2021, whereby PlushCare seeks dismissal of plaintiff Sarah Robbins' ("Robbins") First Amended Complaint ("FAC").  Robbins has filed opposition, to which PlushCare has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows:[1]

    1.  The Second Cause of Action,[2] by which Robbins asserts that PlushCare, in violation of § 17200 of the Business and Professions Code, has engaged in unlawful, unfair, and fraudulent practices, is subject to dismissal in part:

        a.  To the extent the Second Cause of Action is based on allegedly unlawful and unfair conduct, the claim is not subject to dismissal, as Robbins sufficiently alleges a violation of California's Automatic Renewal Law ("ARL").  In particular, the FAC includes

---

[1] By order filed September 29, 2021, the Court took the matter under submission.

[2] The Court addresses the eight Causes of Action asserted in the FAC in the order addressed by the parties in their respective written submissions.

detailed factual allegations, as well as exhibits (see FAC ¶¶ 15-17, 20-21, Exs. 1-3),[3] supporting Robbins' allegation that the "automatic renewal offer terms" on the PlushCare website were not "in visual proximity" to "the request for consent to the offer," in violation of § 17602(a)(1) of the California Business and Professions Code.  See Lopez v. Stages of Beauty, LLC, 307 F. Supp. 3d 1058, 1070-74 (S.D. Cal. 2018) (holding noncompliance with ARL sufficiently states claim under "unlawful" and "unfair" prongs of § 17200).

       b. To the extent the Second Cause of Action is based on a claim that PlushCare made "fraudulent" representations and omissions (see FAC ¶¶ 78, 82), the claim is subject to dismissal, as Robbins fails to sufficiently allege facts to support a finding that the terms of the automatic renewal offer, or other language on PlushCare's website, contain a misrepresentation or nondisclosure of a material fact, let alone a misrepresentation or nondisclosure on which she relied to her detriment.  See In re Tobacco II Cases, 46 Cal. 4th 298, 326 (holding, to state cognizable claim under "fraud prong" of § 17200, plaintiff must plead defendant made a "misrepresentation or nondisclosure" on which plaintiff detrimentally relied).

    2. The Fifth Cause of Action, by which Robbins alleges violations of the Consumers Legal Remedies Act, see Cal. Bus. & Prof. Code §§1750-1767, is, for the reasons stated with respect to the Second Cause of Action, not subject to dismissal to the extent it is based on a violation of the ARL, and is subject to dismissal to the extent it is based on a theory that PlushCare made fraudulent representations and omissions.

    3. The Third, Fourth, Sixth, Seventh, and Eighth Causes of Action, by which Robbins asserts claims for, respectively, "Negligent Misrepresentation," "Unjust Enrichment," "False Advertising," "Theft," and "Conversion," are not subject to dismissal, the sole ground raised by PlushCare being that said claims are "[d]erivative of the

---

[3] In citing to paragraphs in the FAC, the Court has cited to the paragraphs set forth in the version of the FAC attached as Exhibit A to the Declaration of Alexis M. Wood.  As counsel for Robbins acknowledges, in the FAC efiled August 9, 2021 (Doc. No. 22), "the paragraph numbers are not in line with the corresponding paragraph and transposed into portions of the paragraph[,] making them incomprehensible."  (See Wood Decl. ¶ 2.)

[i]nadequately [a]lleged [v]iolation of the [ARL]."  (See Defs.' Opp. at 20:10-11.)[4]

    4.  The First Cause of Action, by which Robbins alleges violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1963-1693r, is not subject to dismissal:

    a.  To the extent the First Cause of Action is based on a claim that PlushCare did not obtain authorization to transfer funds from Robbins' bank account, via her debit card, to pay monthly membership fees, see 15 U.S.C. § 1693e(a) (stating "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing"), the claim is not subject to dismissal; Robbins has sufficiently alleged that PlushCare's terms, given their lack of proximity to the request for authorization, were not "clear."   See 12 C.F.R. Pt. 205, supp. I, § 10(b), cmt. 6 (stating "authorization is valid" if, inter alia, "the terms of the preauthorized transfer are clear") (see FAC ¶¶ 15-17, 20-21, Exs. 1-3).

    b.  To the extent the First Cause of Action is based on a claim that PlushCare failed to provide Robbins with a copy of any written authorization, see 15 U.S.C. § 1693e(a) (stating "a copy of such authorization shall be provided to the consumer when made"), the claim is not subject to dismissal, as Robbins alleges PlushCare did not provide her with a copy.  See 12 C.F.R. Pt. 205, supp. I, § 10(b), cmt. 5 (stating "[t]he person that obtains the authorization must provide a copy of the terms of the authorization to the consumer either electronically or in paper form"); (see FAC ¶¶ 40-41, 63).  Although PlushCare argues its webpage containing a "representative image of the patient profile" and webpages containing the Terms of Use constitute written authorization by Robbins, neither actually includes any such authorization. (See Pathak Decl. ¶¶ 3, 6 & Exs. 2, 5.)[5]

---

[4] Robbins has not disputed that the Third, Fourth, Sixth, Seventh, and Eighth Causes of Action are solely based on PlushCare's alleged violation of the ARL, but, as discussed above, her allegations are not inadequate.

[5] Indeed, as Robbins points out, the Terms of Use expressly state "payment of the membership fee to PlushCare is not a requirement."  (See id. Ex. 5 ¶ 13.)  Moreover, as Robbins also points out, PlushCare has made no showing that the versions of the patient profile page and Terms of Use submitted by PlushCare, namely, the versions in

**CONCLUSION**

For the reasons stated above, PlushCare's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the Second and Fifth Causes of Action are based on a claim that PlushCare made fraudulent representations or omissions, the motion is GRANTED.

2. In all other respects the motion is DENIED.

3. Should Robbins wish to amend for purposes of curing the above-referenced deficiency, Robbins shall file a Second Amended Complaint no later than November 12, 2021.

4. In the event Robbins does not amend, the above-titled action will proceed on the remaining claims in the FAC, and, in such event, Robbins shall file, no later than November 12, 2021, a corrected version of the FAC

5. No later than twenty-one days after Robbins files as her operative pleading either an SAC or a corrected version of the FAC, PlushCare shall file a response.

**IT IS SO ORDERED.**

Dated:  October 21, 2021

MAXINE M. CHESNEY
United States District Judge

---

existence on July 21, 2021, are the same versions that Robbins viewed when she visited PlushCare's website.