IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ROBBINS,<br><br>    Plaintiff,<br><br>  v.<br><br>PLUSHCARE, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-03444-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND PLEADINGS; VACATING HEARING** |

    Before the Court is plaintiff Sarah Robbins' "Motion to Amend Pleadings," filed April 4, 2022. Defendants Plushcare, Inc. and Plushcare of California, Inc., A.P.C. have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for May 13, 2022, and rules as follows.

    Defendants have failed to show plaintiff's proposed amendment to allege California state law claims on behalf of a nationwide class is necessarily futile. As plaintiff alleges, and defendants acknowledge, defendants' Terms of Use provide that, "[i]f there is any dispute arising out of the Service, [the customer] expressly agree[s] that any such dispute shall be governed by the laws of the State of California." (See Culp Decl. Ex. 1 ¶ 19). Although, as defendants point out, claims under California's Automatic Renewal Law ("ARL") can only be brought on behalf of "consumer[s] in this state," see Cal. Bus. & Prof. Code § 17602(a), plaintiff, for purposes of proceeding on behalf of the proposed nationwide class, is not relying on ARL, but, rather, on what is essentially a general allegation of wrongful conduct, namely, a failure to fairly apprise consumers of

the terms they were accepting (see, e.g., Proposed Second Amended Complaint ¶¶ 96, 136), and defendants have not cited authority suggesting plaintiff cannot do so.

Plaintiff's proposed addition of a Ninth Cause of Action for purposes of asserting a claim under the Florida Deceptive Trade Practices Act is, however, inconsistent with the above-referenced choice-of-law provision, and, consequently, leave to amend to add such claim would be futile.

Accordingly, to the extent plaintiff proposes to add a claim under the Florida Deceptive Trade Practices Act, the motion to amend is hereby DENIED, and, in all other respects, the motion is hereby GRANTED.  Plaintiff is hereby DIRECTED to file, no later than May 20, 2022, a Second Amended Complaint in conformity with the above.

**IT IS SO ORDERED.**

Dated: May 11, 2022

MAXINE M. CHESNEY
United States District Judge