IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ROBBINS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PLUSHCARE, INC., et al.,<br><br>　　　　Defendants. | Case No. 21-cv-03444-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; AFFORDING PLAINTIFFS LEAVE TO AMEND** |

Before the Court is defendants PlushCare, Inc. and PlushCare of California, Inc., A.P.C.'s (collectively, "PlushCare") "Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b)," filed June 3, 2022. Plaintiffs Sarah Robbins ("Robbins") and Tiffany Smith ("Smith") have filed opposition, to which PlushCare has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

In the Second Amended Complaint ("SAC"), plaintiffs assert eight Causes of Action based on their allegations that the "automatic renewal offer terms" on PlushCare's website are not in "visual proximity" to the "request for consent to the offer." (See SAC ¶ 104; see also SAC ¶¶ 17-20, 39, 48-51.) By the instant motion, PlushCare seeks dismissal of the majority of the claims asserted in the SAC.

---

[1] PlushCare failed to provide the Court with a courtesy copy of its reply. Nonetheless, the Court has considered it. For future reference, PlushCare is reminded that, pursuant to the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

[2] By order filed July 5, 2022, the Court took the matter under submission.

In response, plaintiffs first argue the instant motion is procedurally improper under Rule 12(g)(2) of the Federal Rules of Civil Procedure, which provides that "a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6)." See In re Apple iPhone Antitrust Litig., 846 F.3d 313, 318 (9th Cir. 2017). In particular, plaintiffs contend PlushCare could have raised the arguments made in the instant motion to dismiss at the time they moved to dismiss the First Amended Complaint.

As PlushCare points out, the SAC expands plaintiffs' claims, in that the SAC, for the first time, asserts claims on behalf of Smith, and, consequently, the instant motion, to the extent directed at claims asserted on behalf of Smith, is not barred by Rule 12(g)(2). With respect to the claims asserted on behalf of Robbins, however, PlushCare has not shown, or even argued, it was unable, at the time it moved to dismiss the FAC, to make the arguments set forth in the motion to dismiss the SAC, and consequently, the instant motion will be denied to the extent made as to claims asserted on behalf of Robbins, without prejudice to PlushCare's raising its defense of failure to state a claim upon which relief can be granted at a later stage in the proceedings. See Fed. R. Civ. P. 12(h)(2).[3]

The Court next considers each claim against Smith in turn.

1. PlushCare does not seek dismissal of the First Cause of Action, by which Smith asserts a claim under the Electronic Funds Transfer Acct ("EFTA").

2. The Second Cause of Action, by which Smith asserts violations of § 17200 of the California Business and Professions Code, is subject to dismissal in part:

    a. To the extent Smith asserts PlushCare violated the unlawful prong of

---

[3] PlushCare argues the Court should not apply Rule 12(g)(2), relying on In re Apple, 846 F.3d at 320, in which the Ninth Circuit found the motion to dismiss at issue therein "may not have been late-filed within the meaning of Rule 12(g)(2)" and that "any error by the district court" was "harmless" under the circumstances presented. See id. Here, by contrast, PlushCare makes no argument that its motion, as it applies to Robbins, is not late-filed within the meaning of Rule 12(g)(2). See Coles Valley Church v. Oregon Land Use Board of Appeals, 2021 WL 1950181, at *8 (D. Ore. May 14, 2021) (finding In re Apple "does not stand for the blanket proposition that district courts may freely flout the Federal Rules whenever a party asks them to do so").

2

1  § 17200 by failing to comply with California's Automatic Renewal Law ("ARL") (see SAC
2  ¶¶ 103-04), the claim is subject to dismissal, as plaintiffs allege Smith is a consumer in
3  Florida (see SAC ¶ 11) and California's ARL only applies to consumers in California. See
4  Cal. Bus. & Prof. Code § 17602(a) (providing protections of ARL apply to "consumer[s] in
5  this state").[4]

        b.  To the extent Smith asserts PlushCare violated the unfair prong of § 17200, PlushCare has not shown the claim is subject to dismissal.  Although PlushCare argues the claim sounds in fraud and does not comply with Rule 9(b)'s specificity requirements, the Court, in granting plaintiffs' motion for leave to file the SAC, found such claim is based on an alleged "failure to fairly apprise consumers of the terms they were accepting" (see Order, filed May 11, 2022, at 1:19-2:2), i.e., a claim that does not sound in fraud.

        3.  The Third Cause of Action, by which Smith asserts a claim for "negligent misrepresentation," is subject to dismissal, as Smith fails to allege facts to support a finding that the terms of the automatic renewal offer (see SAC ¶¶ 19-22, Exs. 2, 3), or other language Smith reviewed on the PlushCare website, contained a "misrepresentation of a past or existing material fact," much less a misrepresentation on which she "justifiabl[y] reli[ed]."  See Bock v. Hansen, 225 Cal. App. 4th 215, 231 (2014) (setting forth "elements of negligent misrepresentation").

        4. The Fourth Cause of Action, titled "Unjust Enrichment," is subject to dismissal, as unjust enrichment is "not a cause of action . . . or even a remedy."  See McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004) (internal quotation and citation omitted). Although in some circumstances, a claim titled "unjust enrichment" can be construed as one seeking "quasi-contractual restitution," see id. at 388, here, Smith seeks restitution under her § 17200 claim (see SAC, Prayer for Relief ¶ E), which claim is based on the

---

[4] Although Smith states she also bases her unlawful prong claim on a violation of the EFTA, the allegations in the "'Unlawful' Prong" section of the SAC are limited to the California ARL and "applicable California regulations."  (See SAC ¶¶ 103-08.)

same facts as her "unjust enrichment" claim, and, consequently, is subject to dismissal as duplicative, see In re Apple & AT&T iPad Unlimited Data Plan Litig., 802 F. Supp. 2d 1070, 1077 (N.D. 2011) (holding "plaintiffs cannot assert unjust enrichment claims that are merely duplicative of statutory or tort claims") (citing cases).

5. The Fifth Cause of Action, by which Smith asserts violations of the Consumer Legal Remedies Act ("CLRA"), is subject to dismissal.  Although Smith alleges PlushCare "represent[ed]" its services have "certain characteristics that they do not have" (see SAC ¶ 124) and "represent[ed]" it "has the right to charge [p]laintiffs and [c]lass [m]embers debit cards, credit cards, or third party payment methods without first obtaining their affirmative consent to the agreement containing the automatic renewal terms" (see SAC ¶ 127), Smith fails to identify the particular statements made, much less that any such statements were false when made and that she detrimentally relied on those statements. See Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 794 (9th Cir. 2012) (affirming dismissal of CLRA claim, where plaintiffs did not plead statements were false when made or that they relied thereon to their detriment).  Rather, Smith appears to rely solely on the terms of the automatic renewal offer (see SAC ¶ 126), which were disclosed and which she fails to allege contained a false representation.

6. The Sixth Cause of Action, by which Smith asserts PlushCare has engaged in false advertising, is subject to dismissal; although Smith alleges PlushCare failed to comply with the requirements of the California ARL (see SAC ¶¶ 134-35), she does not identify any false statement contained in the automatic renewal terms or otherwise on PlushCare's website, much less that she relied to her detriment on any such statement. See Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 326 (2011) (holding false advertising claim requires showing of "actual reliance on the allegedly deceptive or misleading statements").

7. The Seventh Cause of Action, titled "Theft"/"Cal. Penal Code § 496," is subject to dismissal, as Smith fails to allege facts to support a finding that Smith's property, specifically, the monies PlushCare allegedly obtaining by charging her credit card were

"stolen or obtained in a manner constituting theft" and that PlushCare "knew the property was so stolen or obtained."[5] See Switzer v. Wood, 35 Cal. App. 5th 116, 126 (2019) (setting forth elements required to prove violation of § 496(a)).

        8. The Eighth Cause of Action, by which Smith asserts a claim of conversion, is not subject to dismissal. Although, as PlushCare observes, a conversion claim cannot be based on a "contractual right of payment," see Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 451-52 (1997), or on a defendant's "lack of action," see Archer v. Coinbase, Inc., 53 Cal. App. 5th 266, 276 (2020), Smith's claim is based on PlushCare's having charged recurring fees to Smith's credit card without her consent (see SAC ¶¶ 49-51), thereby allegedly wrongfully depriving her of cognizable "property rights," see Welco Electronics, Inc. v. Mora, 223 Cal. App. 4th 202, 211 (2014) (finding defendant's unauthorized charges to plaintiff's credit card deprived plaintiff of "property rights – i.e., money from the available credit line belonging to plaintiff with the credit card company"); Fields v. Wise Media, LLC, 2013 WL 3187414, at *5, *7 (N.D. Cal. June 21, 2013) (finding conversion claim not subject to dismissal, where defendants "enroll[ed] and charg[ed] consumers" in "subscription plans without their consent or knowledge," in violation of California ARL).

## CONCLUSION

For the reasons stated above, PlushCare's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows.

        1. To the extent PlushCare seeks dismissal of the "unlawful prong" claim in the Second Cause of Action as asserted on behalf of Smith, the motion is hereby GRANTED, and said claim is hereby DISMISSED.

---

[5] The Court grants plaintiffs' unopposed request for judicial notice of an SEC filing by Accolade, Inc., a company that acquired PlushCare, in which filing Accolade stated that, if it was "required to change [its] automatically renewing subscription fee practices, [its] business, financial condition, results of operations and cash flows could be materially and adversely impacted." (See Pls.' Request for Judicial Notice Ex. B.) As PlushCare points out, however, the quoted language does not state or suggest PlushCare knew the fees charged to Smith's credit card were stolen or obtained by theft.

2. To the extent PlushCare seeks dismissal of the Third, Fourth, Fifth, Sixth, and Seventh Causes of Actions as asserted on behalf of Smith, the motion is hereby GRANTED, and said causes of action are hereby DISMISSED.

3. In all other respects, the motion is denied.

If plaintiffs wish to amend for purposes of curing any of the deficiencies identified above, plaintiffs shall file a Third Amended Complaint no later than August 19, 2022. If plaintiffs do not amend, the instant action will proceed on the remaining claims in the SAC, and PlushCare shall file its answer to the SAC no later than September 2, 2022.

**IT IS SO ORDERED.**

Dated: July 28, 2022

MAXINE M. CHESNEY
United States District Judge