**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARAH ROBBINS and TIFFANY SMITH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>PLUSHCARE, INC. and PLUSHCARE OF CALIFONRIA, INC., A.P.C.<br>                    Defendants. | Case No.: 3:21-cv-03444-MMC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CONDITIONALLY CERTIFYING SETTLEMENT CLASS; APPOINTING CLASS REPRESENTATIVES; APPOINTING CLASS COUNSEL AND APPROVING NOTICE PLAN**<br><br>**Judge: Hon. Maxine M. Chesney** |

1

This matter having come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiffs Sarah Robbins and Tiffany Smith ("Plaintiffs") and Defendants PlushCare, Inc. and PlushCare of California, Inc. A.P.C. ("PlushCare" or "Defendants") (collectively the "Parties"), as set forth in the Class Action Settlement Agreement and Release between Plaintiffs and Defendants (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. Unless defined herein, all terms in this Order shall have the respective meanings ascribed to them in the Settlement Agreement.

2. The proposed settlement set forth in the Settlement Agreement (the "Settlement") is hereby preliminarily approved as being fair, reasonable, and adequate such that notice of the settlement should be given to members of the Class.

3. The Court preliminarily finds that the Settlement, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, when considering, in their totality, and to the extent such information is available at this time, the following factors: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 610 n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court further finds that: (i) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Wayne Andersen (Ret.) of JAMS; and (ii) the Settlement warrants Notice of its material terms to the Class Members for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

For purposes of settlement only: (a) Alexis M. Wood and Kas L. Gallucci of the Law Offices of Ronald A. Marron, are appointed as Class Counsel for the Settlement Class; and (b) Sarah Robbins and Tiffany Smith are appointed as Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

For purposes of settlement only and for purposes of disseminating Notice, and without prejudice to Defendants' right to contest class certification if the Settlement Agreement is not finally approved, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e):

> All Persons who, from January 10, 2020, to August 30, 2022, enrolled in an automatically renewing Monthly Subscription with PlushCare, and who, during that time period, were charged and paid one or more Monthly Subscription payment.[1]

4. On July 21, 2023, at 9:00 a.m., this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether: (i) final approval of the Settlement should be granted; and (ii) Class Counsel's application for attorney's fees costs, and expenses, and incentive awards to the Class Representatives, should be granted. No later than April 24, 2023, Plaintiffs must file their papers in support of Class Counsel's application for attorney's fees and expenses, and no later than July 7, 2023, Plaintiffs must file their papers in support of final approval of the Settlement.

---

[1] Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) Persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any excluded Persons.

5. Pursuant to the Settlement Agreement, Angeion Group ("Angeion") is hereby appointed as Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

6. The proposed Notice Plan will include a postcard notice, email notice, long form notice, and Claim Form, attached hereto as Exhibits A-D respectively and hereby approved as to form. The Parties may, by agreement, revise the Notices in ways that are not material or that are otherwise appropriate. The Court hereby directs the Parties and Settlement Administrator to initiate Direct Notice (as defined by Paragraph 5.1(b) of the Settlement Agreement) via email, to launch the Settlement Website within 28 days of the entry of this Order, and to send an email reminder notice as set forth in the Settlement Administrator's Proposal.

7. All persons who wish to exclude themselves from the Settlement must submit their request for exclusion in writing postmarked on or before the Opt-Out Deadline, which shall be June 13, 2023. To be valid, any request for exclusion shall include the Class Member's name, a signature, his or her address, the name and number of the case, a statement that he or she wishes to be excluded from the Class, and the Claim ID on the Direct Notice. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Persons serving such a request shall be deemed to remain members of the Class and shall be bound as Class Members by this Settlement Agreement, if finally approved.

8. Any Class Member who intends to object to the fairness of this Settlement must submit a written objection with the Court, no later than the Objection Deadline, which shall be June 13, 2023. In the written objection, the Class Member must state the case name and number, his or her full name, address, current telephone number, the reasons for his or her objection, and the Claim ID on the Direct Notice. Any supporting documents, evidence, and citations must also be attached to the objection. If the Class Member is represented by a lawyer, the objection must be filed by the lawyer. The right to object to the proposed settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a

deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

9. Any Class Member who objects must also provide a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). If the objector or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

10. Any Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of Section 9 above, and as detailed in the Notice, shall not be permitted to object to this Settlement at the Final Approval Hearing and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action.

11. Pending determination of whether final approval of the Settlement Agreement should be granted, the Court enjoins Plaintiffs and all Class Members unless and until they have timely excluded themselves from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, in any other lawsuit, arbitration or other proceeding against any Released Party in any jurisdiction based on the Released Claims, and (b) filing, commencing or prosecuting a lawsuit, arbitration or other proceeding against any Released Party as a class action on behalf of any Class Member who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims.

12. The Settlement Agreement and the proceeding and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order are not and shall not in any event be construed, deemed, used, offered, or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth

of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties.  PlushCare has denied any wrongdoing and continues to deny the validity of any claims asserted by Plaintiffs.  Notwithstanding the foregoing, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for purpose of enforcing the Settlement Agreement.

13. In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

14. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement Agreement.

15. The Court, pending final determination of whether the Settlement should be approved, stays all proceedings except those related to effectuating the Settlement.  Accordingly, the following table includes the deadlines by which certain events must occur.

| | |
|---|---|
| April 14, 2023 | Deadline for notice to be provided in accordance with the Settlement Agreement and this Order (Notice Deadline) |
| April 24, 2023 | Deadline for filing of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Award |
| June 13, 2023 | Deadline to file objections or submit requests for exclusion (Opt-Out or Objection Deadline) |
| June 13, 2023 | Deadline to submit a Claim (Claims Deadline) |

| | |
|---|---|
| July 7, 2023 | Deadline for Parties to file Motion in Support of Final Approval of Class Action Settlement, including responses to any objections |
| July 21, 2023, at 9:00 a.m. | Final Approval Hearing |

**IT IS SO ORDERED**.          ENTERED:

DATED: March 17, 2023

_____
The Honorable Maxine M. Chesney
United States District Court Judge