# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ROBBINS and TIFFANY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLUSHCARE, INC. and PLUSHCARE OF CALIFONRIA, INC., A.P.C.<br>Defendants. | Case No.: 3:21-cv-03444-MMC<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>**Judge:  Hon.  Maxine M. Chesney** |

On March 17, 2023, this Court granted preliminary approval of the proposed class action settlement agreement between the parties (the "Settlement Agreement" or "Settlement"). The Court also provisionally certified a Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on July 21, 2023. The Settlement Class is defined as: all Persons who, from January 10, 2020, to August 30, 2022, enrolled in an automatically renewing Monthly Subscription with PlushCare, and who, during that time period, were charged and paid one or more Monthly Subscription payment. Excluded from this definition are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) Persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any excluded Persons. (Settlement at ¶ 1.36). Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 5.4 of the Settlement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement and shall not be eligible to make a claim for any benefit under the terms of the Settlement.

On July 21, 2023, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the complaint on the merits and with prejudice in favor of Defendants and against all persons or entities who are Settlement Class members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees, costs and expenses to Class Counsel and whether and in what amount to make incentive awards to Plaintiffs Sarah Robbins and Tiffany Smith.

The Court, having considered all matters submitted to it at the hearing and otherwise, and it appearing that the Notice substantially in the form approved by the Court was given in the manner that the Court ordered to persons enrolled in PlushCare's Monthly Subscription during the class period and paid one or more Monthly Subscription payments, as ordered by the Court, and having considered and determined that the proposed settlement of the claims of the Settlement Class

Members against Defendants, as well as the release of Defendants and the Released Parties, and the awards of attorneys' fees, costs, and expenses and incentive award requested, are fair, reasonable and adequate, **HEREBY ORDERS, DECREES, AND ADJUDGES** as follows:

1. The definitions in the Settlement Agreement and the Court's Preliminary Approval Order are hereby incorporated herein as though fully set forth in this Order, and all other terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement and in the Court's Preliminary Approval Order, and/or in any Order of this Court prior to the entry of final Judgment.

2. The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied, for purposes of settlement only, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3. The Court finds that the requirements of Rule 23(e) of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied, and the Court approves the settlement of this Action as memorialized in the Settlement Agreement as being fair, just, reasonable, and adequate to the Settlement Class and its members. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delays associated with continued litigation, trial and/or appeal. The Settlement is not a finding or admission of liability by Defendants or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action, for purposes of settlement, a class action on behalf of all Persons who, from January 10, 2020, to August 30, 2022, enrolled in an automatically renewing Monthly Subscription with PlushCare, and who, during that time period, were charged and paid one or more Monthly Subscription payment. Excluded from this definition are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) Persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any excluded Persons. Settlement Class Members who excluded themselves from the Settlement, pursuant to the procedures set forth in Paragraph 5.4 of the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement. A list of the three (3) Settlement Class Members that are excluded from the Settlement are attached as **Exhibit A**.

5. The Court appoints Alexis M. Wood and Kas L. Gallucci of the Law Offices of Ronald A. Marron, as Class Counsel for the Settlement Class. The Court designates Plaintiffs Sarah Robbins and Tiffany Smith as the Class Representatives.

6. Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto. In addition, the Court finds that Defendants fully satisfied any obligation to provide Notice of the proposed Settlement Agreement to the public officials designated under the Class Action Fairness Act, 28 U.S.C. § 1715, to receive such notice, as set forth in their notice of compliance with 28 U.S.C. § 1715, namely, the Declaration of Jared Dewey of Angeion Group Re: CAFA Notice.

7. The Court has considered and finds Class Counsel and the Class Representatives have adequately represented the Class. Plaintiffs, by and through their counsel, have investigated the pertinent facts and law, and have evaluated the risks associated with continued litigation, class certification, trial, and/or appeal. The Court finds that the Settlement Agreement was reached in the absence of collusion and is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel.

8. The Court finds that the Settlement is effective in appropriately distributing relief to the Settlement Class in light of the claims and defenses asserted, that the method of processing Settlement Class Member claims is reasonable and appropriate, and that the Settlement Agreement treats all Settlement Class Members equitably relative to each other.

9. The Court has evaluated the overall reaction of the Settlement Class to the Settlement, and finds that the overall acceptance of the Settlement Agreement by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interests of the Class.

10. The Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions. The Court also grants Class Counsel's request to allow the thirty (30) untimely filed claims submitted on June 14, 2023, that are otherwise valid, to be approved and to be paid from the Settlement.

11. Defendants shall implement (if it has not done so already) the Prospective Relief described in Paragraph 3.5 of the Settlement Agreement within a reasonably practicable time from the date of this order.

12. Angeion Group ("Angeion") is finally appointed to continue to serve as the Settlement Administrator as provided in the Settlement Agreement. The Settlement Administrator is directed to process all Approved Claims in accordance with the Settlement Agreement, and employ all reasonable procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement. Class Counsel and Counsel for Defendants are hereby authorized to employ all reasonable procedures in connection

with administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement.

13. There shall be no recourse to any Defendant, Releasee, Released Party or their counsel, or to the Class Representatives or Class Counsel, or to the Settlement Administrator or to this Court, for any determination made by the Settlement Administrator pursuant to its responsibilities under the Settlement Agreement. In addition, notwithstanding anything else in this Order, if the Settlement Administrator or any Party has reason to believe that a false or fraudulent Claim has been submitted in this Settlement, or that any Claim has been submitted under false pretenses, the Settlement Administrator may reject the Claim.

14. The allowance or disallowance of any Fee Award or Incentive Award has been considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any Order or proceeding related to the application for an award of fees, costs and expenses, or any appeal from any Fee Award or Incentive Award or other order relating thereto, shall not operate to terminate or cancel the Settlement Agreement, nor affect or delay the finality of this Final Order and Judgment.

15. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees, costs, and expenses in the amount of $1,303,618.51.  The Court also orders payment of an incentive award in the amount of $5,000 to Plaintiff Sarah Robbins and $4,000 to Plaintiff Tiffany Smith.  The Court also orders payment of an amount up to $142,100.89 to Angeion for compensation for the administration of the Settlement. These amounts are to be paid in the time and manner described in the Settlement Agreement.

16. The Action is hereby dismissed with prejudice and without costs as against Defendants and the Released Parties.

17. Class Representatives and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) and all persons acting on behalf of or in concert with any of the above, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Parties. The Court finds that issuance of the permanent injunction

described in this paragraph is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Order.

18. Effective as of the Final Approval Date, each and all of the Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Parties, any and all causes of action or claims for relief, whether in law or equity, including but not limited to injunctive relief, actual damages, nominal damages, statutory damages, punitive damages, exemplary or multiplied damages, restitution, disgorgement, expenses, attorneys' fees and costs, and/or any other form of consideration whatsoever (including Unknown Claims), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, that in any way concern, arise out of, or relate to PlushCare's Monthly Subscription, any fees associated therewith, or that in any way relate to or arise out of PlushCare's monthly automatic renewal, continuous service programs, and/or cancellation mechanisms, and statements or disclosures related thereto, from January 10, 2020, through August 30, 2022, including but not limited to any of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act related thereto. Released Claims expressly do not include any claims brought against Released Parties or any doctor related to medical malpractice or medical negligence.

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered by any person or received against Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of the facts alleged by the Class Representatives or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been

asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants;

(b) offered by any person or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants or any other wrongdoing by Defendants.

(c) offered by any person or received against Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Settlement Agreement from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Settlement Approval Order and Final Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Settlement Approval Order and Final Judgment, the release as to the Released Parties.

20. Claims documents in this case, and all materials and data held by the Settlement Administrator regarding the Settlement Class, including the Class List, shall be strictly confidential and not subject to publication or disclosure, and shall not be used for any other purposes beyond providing notice to the Settlement Class and assisting with the determination of valid claims. No person other than the Parties and their counsel, the Settlement Administrator, and the Court shall be permitted to obtain or review any Claim Form, or any decision of the Settlement Administrator with respect to accepting or rejecting any Claim, except as provided for herein or upon Court Order for good cause shown.

21. This Settlement Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Without affecting the finality of the Settlement Approval Order and Final Judgment in any way, this Court hereby

retains continuing jurisdiction over: (a) the disposition of the settlement benefits and (b) the settling parties for purposes of construing, enforcing, and administering the Settlement Agreement.

22. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

23. In the event that the Final Approval Date does not occur, this Settlement Approval Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void.

**IT IS SO ORDERED**.

DATED: July 21, 2023

_____
The Honorable Maxine M. Chesney
United States District Court Judge